IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM VILLANUEVA, JR., | No. C 08-1355 WHA (PR) |
| Plaintiff, | **DISMISSAL WITH LEAVE TO AMEND** |
| v. | |
| DOCTOR GHALY, Mental Health; JOHN DOE, Mental Health; and Mrs. JOHN DOE, Mental Health, | |
| Defendant. | |

Plaintiff, an inmate of the San Francisco County Jail, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. He has been granted leave to proceed in forma pauperis.

**DISCUSSION**

**A.   STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

///

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1986-87.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.   LEGAL CLAIMS**

Plaintiff contends that defendant Dr. Ghaly, of the jail's mental health department, interviewed him in public about his mental problems, and that his medication then was not supplied for two and a half weeks. He also asserts that Ghaly talked to him privately a number of weeks later and told him that his medication would not be discontinued, but it was. The John Doe defendants, who apparently are mental health workers, are alleged to have interviewed plaintiff in public, putting him in danger.

Plaintiff has not stated a plausible claim against Dr. Ghaly because he does not allege that Ghaly was responsible for the delay in providing his medication upon his arrival at the jail, nor in the subsequent discontinuance of it, and he does he say what effect that discontinuance had on him. He thus has failed to adequately allege that he had a serious medical need for the medication, nor that Ghaly did anything that might constitute deliberate indifference to that need. He also has failed to state a claim against Ghaly or the Does regarding the public

interviews because he does not say why their being public put him in danger. The complaint will be dismissed with leave to amend to remedy these deficiencies, if plaintiff can do so in good faith.

## CONCLUSION

1. The complaint is **DISMISSED** with leave to amend, as indicated above, within thirty days from the date of this order. The amended complaint must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original complaint by reference. Failure to amend within the designated time will result in the dismissal of these claims.

2. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing with the clerk a separate paper headed "Notice of Change of Address." Papers intended to be filed in this case should be addressed to the clerk and not to the undersigned. Petitioner also must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: May   20  , 2008.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\CR.08\VILLANUEVA1355.DWLTA.wpd

3

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM VILLANUEVA JR., | Case Number: CV08-01355 WHA |
| Plaintiff, | **CERTIFICATE OF SERVICE** |
| v. | |
| G. HALY et al, | |
| Defendant. / | |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 20, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

William Villanueva
#2347479/ CJ2-B6
San Francisco County Jail
850 Bryant St.
San Francisco, CA 94103

Dated: May 20, 2008

Richard W. Wieking, Clerk
By: D. Toland, Deputy Clerk