IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM VILLANUEVA, JR., | No. C 08-1355 WHA (PR) |
| Plaintiff, | **ORDER OF SERVICE** |
| v. | |
| DOCTOR GHALY, Mental Health; JOHN DOE, Mental Health; and Mrs. JOHN DOE, Mental Health, | |
| Defendant. | |

This is a civil rights case filed pro se by an inmate of the San Francisco County Jail. The complaint was dismissed with leave to amend in the initial review order. Plaintiff has amended, and has filed a motion for appointment of counsel.

**DISCUSSION**

**A.   REVIEW OF AMENDED COMPLAINT**

In the complaint plaintiff contended that defendant Dr. Ghaly, of the jail's mental health department, interviewed him in public about his mental problems, and that his medication then was not supplied for two and a half weeks. He also asserted that Ghaly talked to him privately a number of weeks later and told him that his medication would not be discontinued, but it was. The John Doe defendants, who apparently were mental health workers, were alleged to have interviewed plaintiff in public, putting him in danger.

///

The claim against Ghaly was dismissed because plaintiff did not allege that Ghaly was responsible for the delay in providing his medication upon his arrival at the jail, nor for the subsequent discontinuance of it, and he did not say what effect the discontinuance had on him. It was also noted that plaintiff had failed to state a claim against Ghaly or the Does regarding the public interviews because he did not say why their being public put him in danger.

In the amendment plaintiff says that he has bipolar disorder, manic depression, and hallucinations. He says that Ghaly discontinued his medications, which he says had been reducing his anger, violent behavior and suicidal behavior. He says that he had attempted suicide "numerous times" while off his medication. He also asserts that the John Does denied him medical care for his mental condition by refusing to give him therapy except in public. These allegations are sufficient to require a response.

**B.     MOTION FOR COUNSEL**

There is no constitutional right to counsel in a civil case. *Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981). 28 U.S.C. § 1915 confers on a district court only the power to "request" that counsel represent a litigant who is proceeding in forma pauperis. 28 U.S.C. § 1915(e)(1). This does not give the courts the power to make "coercive appointments of counsel." *Mallard v. United States Dist. Court*, 490 U.S. 296, 310 (1989). In short, the Court has only the power to ask pro bono counsel to represent plaintiff, not the power to "appoint" counsel.

Although plaintiff apparently has some mental difficulties, he appears to be receiving assistance, he has managed to present his claims so far, and the case appears to be factually simple. The motion for counsel will be denied without prejudice to renewing it at a later stage of the case

**CONCLUSION**

1. Plaintiff's motion for appointment of counsel (document number 13 on the docket) is **DENIED**. His motion for leave to amend (document 12) is **DENIED** as moot because leave to amend was granted in the initial review order.

///

2. The clerk shall issue summons and the United States Marshal shall serve, without

2

prepayment of fees, copies of the complaint in this matter and copies of this order upon the following defendant: Dr. Ghally, at the San Francisco County Jail

3. In order to expedite the resolution of this case, the court orders as follows:

a. No later than sixty days from the date of service, defendants shall file a motion for summary judgment or other dispositive motion. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56, and shall include as exhibits all records and incident reports stemming from the events at issue. If defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the court prior to the date their summary judgment motion is due. All papers filed with the court shall be promptly served on the plaintiff.

b. Plaintiff's opposition to the dispositive motion, if any, shall be filed with the court and served upon defendants no later than thirty days from the date of service of the motion. Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

If defendants file an unenumerated motion to dismiss claiming that plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), plaintiff should take note of the attached page headed "NOTICE -- WARNING (EXHAUSTION)," which is provided to him as required by *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir.), *cert. denied, Alameida v. Wyatt*, 124 S.Ct 50 (2003).

c. If defendants wish to file a reply brief, they shall do so no later than fifteen days after the date of service of the opposition.

d. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

4 All communications by the plaintiff with the court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

5. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion.

3

1  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to
2  Federal Rule of Civil Procedure 41(b).
3  **IT IS SO ORDERED.**
4  Dated: March __4__, 2009.

          WILLIAM ALSUP
          UNITED STATES DISTRICT JUDGE

26  G:\PRO-SE\WHA\CR.07\CR.08\VILLANUEVA1355.SERVE.wpd

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

**NOTICE -- WARNING (EXHAUSTION)**

If defendants file an unenumerated motion to dismiss for failure to exhaust, they are seeking to have your case dismissed.  If the motion is granted it will end your case.

You have the right to present any evidence you may have which tends to show that you did exhaust your administrative remedies.  Such evidence may be in the form of declarations (statements signed under penalty of perjury) or authenticated documents, that is, documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers, such as answers to interrogatories or depositions.

If defendants file a motion to dismiss and it is granted, your case will be dismissed and there will be no trial.